```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3076 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW R. GRASMICK, | ) | REPORT, RECOMMENDATION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

The defendant has filed a motion to dismiss the two-count indictment entered against him. Filing 11. Count I charges Grasmick with being a felon in possession of a firearm in violation of 18 U.S.C §§ 922(g)(1) and 924(a)(2). Count II alleges the defendant knowingly received and possessed a stolen firearm which was shipped and transported in interstate commerce in violation of 18 U.S.C §§ 922(j) and 924(a)(2). In requesting dismissal, the defendant argues the Commerce Clause provides no constitutional authority for Congress' attempt to criminalize the possession of firearms under 18 U.S.C §§ 922(g)(1) and 922(j), and these statutes represent an unconstitutional interference with the powers delegated to the states under the Tenth Amendment.

>   18 U.S.C. § 922(g)(1) provides:
> 
>   It shall be unlawful for any person who has been
>   convicted in any court of, a crime punishable by
>   imprisonment for a term exceeding one year ... to ship
>   or transport in interstate . . . commerce, or possess
>   in or affecting commerce, any firearm or ammunition; or
>   to receive any firearm or ammunition which has been
>   shipped or transported in interstate ... commerce.

The federal offense of felon in possession of a firearm requires the government to prove: 1) the defendant was previously

convicted of a crime punishable by imprisonment exceeding one year; 2) defendant knowingly possessed a firearm; and 3) the firearm was in or affected interstate commerce. United States v. Walker, 393 F.3d 842, 846 (8th Cir. 2005); United States v. Sianis, 275 F.3d 731, 733 (8th Cir. 2002); United States v. Lapsley, 263 F.3d 839 (8th Cir. 2001).

18 U.S.C. § 922(j) provides:

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

To prove the defendant received or possessed stolen firearms in violation of 18 U.S.C. § 922(j), the government must prove: (1) the defendant knowingly possessed or received the firearm; (2) the firearm was stolen; (3) the defendant knew or had reasonable cause to believe the firearm was stolen; and (4) the firearm was shipped or transported in interstate commerce either before or after it was stolen. United States v. Provost, 237 F.3d 934, 938 (8th Cir. 2001). See also United States v. Hodges, 315 F.3d 794, 799 (7th Cir 2003).

Relying on United States v. Lopez, 514 U.S. 549 (1995) as authority, the defendant claims 18 U.S.C §§ 922(g)(1) and 922(j) represent unconstitutional attempts by Congress to regulate conduct not connected to interstate commerce. Lopez held 18 U.S.C. § 922(q), which made it illegal to possess a firearm in a school zone, was unconstitutional. The Court noted at the outset

that § 922(q) did not regulate the use of channels of interstate commerce, attempt to prohibit the interstate transportation of a commodity through the channels of commerce, or protect an instrumentality of or a thing in interstate commerce.  Lopez therefore focused on whether § 922(q) regulated "an activity that substantially affects interstate commerce."

Lopez cited three reasons for concluding § 922(q) did not regulate an activity affecting interstate commerce:  1) the conduct regulated by § 922(q) did not arise out of and not connected with economic activity which, viewed in the aggregate, substantially affects interstate commerce, (Lopez, 514 U.S. at 560); 2) § 922(q) contained "no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce," (Lopez, 514 U.S. at 560); and 3) neither the statute nor its legislative history contained any express congressional findings or explanation enabling the court "to evaluate the legislative judgment that the activity in question substantially affected interstate commerce, even though no such substantial effect was visible to the naked eye. . . ."  Lopez, 514 U.S. at 560.

The defendant argues that 18 U.S.C §§ 922(g)(1) and 922(j) suffer from the same infirmities as § 922(q), and, accordingly, are also unconstitutional.  Defendant's argument lacks merit.

Both 18 U.S.C §§ 922(g) and 922(j) require the Government to prove on a case-by-case basis that a nexus exists between the firearm in question and interstate commerce.  This requisite jurisdictional element distinguishes § 922(q) from both §§ 922(g) and 922(j), and satisfies the minimal nexus required for Commerce Clause authority.  Since the plain language of §§ 922(g) and

922(j) contain an interstate-commerce nexus as an essential element of the offense, thus ensuring that the firearm in question affects interstate commerce, the court need not refer to the legislative history of either statute in determining whether Congress exceeded its authority under the Commerce Clause. United States v. Miller, 74 F.3d 159, 159-60 (8th Cir. 1996)(denying Commerce Clause and Tenth Amendment challenges to 18 U.S.C. § 922(u) which makes it unlawful to steal a firearm "that has been shipped or transported in interstate or foreign commerce" from an importer, manufacturer, or dealer).

Based on its clear statutory language, "§ 922(g)(1) is a permissible extension of congressional authority pursuant to the Commerce Clause." United States v. Hill, 386 F.3d 855, 859 (8th Cir. 2004)(citing United States v. Stuckey, 255 F.3d 528 (8th Cir. 2001)). § 922(g) contains an interstate commerce requirement that ensures, through case-by-case inquiry, that the firearm in question affects interstate commerce. United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995). Likewise, § 922(j) contains express language, virtually identical to that of section 922(g), requiring the government to prove the stolen firearm in question was shipped or transported in interstate commerce. Accordingly, Congress also engaged in a valid exercise of its power under the Commerce Clause when it enacted § 922(j). United States v. Sykes, 12 Fed. Appx. 446, 447 (8th Cir. 2001); United States v. Kocourek, 1997 WL 307160 (8th Cir. 1997)(unpublished). See also United States v. Pritchett, 327 F.3d 1183, 1186 (11th Cir. 2003)(relying on Sykes and Kocourek) and United States v. Luna, 165 F.3d 316, 319 (5th Cir. 1999) (relying on Kocourek).

In raising his Tenth Amendment challenge, the defendant argues that "[w]here Congress acts beyond the powers enumerated

in the Constitution, it infringes upon the powers specifically reserved to the states by the Tenth Amendment." Filing 12 (defendant's brief) at p. 4. Since §§ 922(g) and 922(j) regulate interstate commerce and were enacted within Congress' authority under the Commerce Clause, the defendant's Tenth Amendment challenge must fail. "[H]olding that the statute is within the commerce power suffices also to dispose of defendant's Tenth Amendment argument." United States v. Lewis, 236 F.3d 948, 950 (8th Cir. 2001). "If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States. New York v. United States, 505 U.S. 144, 156 (1992). United States v. Lewis, 236 F.3d 948 (8th Cir. 2001)(since Congress engaged in a valid exercise of its commerce clause power when it enacted 18 U.S.C. § 922(g)(9), which prohibits persons convicted of misdemeanor crimes of domestic violence from possessing firearms, the statute does not violate the Tenth amendment). See also Gillespie v. City of Indianapolis, 185 F.3d 693 (7th Cir. 1999)(denying Commerce Clause and Tenth Amendment challenges to § 922(g)(9)); United States v. Andaverde, 64 F.3d 1305, 1310 (9th Cir. 1995)(§ 922(g)(1), which prohibits felons from possessing a firearm, does did not impermissibly interfere with state laws in violation of the Tenth Amendment).

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendant's motion to dismiss, filing 11, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS FURTHER HEREBY ORDERED:  Trial is set for 9:00 a.m. on October 11, 2005 for a duration of three trial days before the Honorable Richard G. Kopf.  Jury selection will be at the commencement of trial.

DATED this 4th day of August, 2005.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge